IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 16-cv-00243-GPG

RONALD JOEL FOUNTAIN,

Plaintiff,

v.

UNITED STATES,

Defendant.

_____

ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

_____

Plaintiff, Ronald Joel Fountain, has filed *pro se* a Complaint (ECF No. 1).   The court must construe the Complaint liberally because Mr. Fountain is not represented by an attorney.   *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).   However, the court should not be an advocate for a *pro se* litigant.   *See Hall*, 935 F.2d at 1110.   Mr. Fountain will be ordered to file an amended complaint if he wishes to pursue his claims in this action.

The court finds that the Complaint is deficient because the Complaint does not comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief.   *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989).   The requirements of Fed. R. Civ. P. 8 are designed to meet

these purposes.   *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992).   Specifically, Rule 8(a) provides that a complaint "must contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought."   The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct."   Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules.   Prolix, vague, or unintelligible pleadings violate the requirements of Rule 8.

Mr. Fountain fails to provide a short and plain statement of his claims showing he is entitled to relief.   Instead, he provides a list of various federal statutes without any supporting factual allegations that demonstrate his rights have been violated or that he is entitled to relief in this action.   The 120 pages of exhibits attached to the Complaint, which consist of copies of docket sheets, filings from other actions, letters, printouts of website pages, certified mail receipts, and other material, also do not provide the court with a clear understanding of whatever claims Mr. Fountain may intend to assert in this action.

Mr. Fountain will be ordered to file an amended complaint if he wishes to pursue any claims in this action.   In order to state a claim in federal court Mr. Fountain "must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated."   *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163

(10th Cir. 2007).   The general rule that *pro se* pleadings must be construed liberally has limits and "the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record."   *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).   Accordingly, it is

ORDERED that Mr. Fountain file, **within thirty (30) days from the date of this order**, an amended complaint that complies with the pleading requirements of Fed. R. Civ. P. 8 as discussed in this order.   It is

FURTHER ORDERED that Mr. Fountain shall obtain the court-approved Complaint form, along with the applicable instructions, at www.cod.uscourts.gov.   It is

FURTHER ORDERED that, if Mr. Fountain fails within the time allowed to file an amended complaint that complies with this order as directed, the action will be dismissed without further notice.

DATED February 2, 2016, at Denver, Colorado.

BY THE COURT:

Gordon P. Gallagher
United States Magistrate Judge

3